Boardman, J.
The appeal is taken from an order of the county court permitting the plaintiff to perfect his appeal from a judgment of a justice of the peace, and consolidating the same with another appeal in the same case, both appeals being for a. new trial in the county court, and to be tried as one case in. the said court.
The correctness of this order depends upon the service in due time of the notice of appeal upon the justice. If it was so served,, the county court in the exercise of a wise discretion, as we think, permitted the plaintiff to perfect his appeal under § 3049 of *130 the Code. There is some controversy about the time and manner of the service upon the Justice. It is quite conclusively .established, however, that the plaintiff did all he could in the way of service upon the justice on the 19th of April, and in time. The justice refused to receive the notice, but accepted it as a sufficient service.' On the next day he accepted the notice and his fee for a return. The tender of a notice of appeal to a justice who refuses to receive it, but accepts it as a good and sufficient 'service, must be sufficient to save a party’s right of appeal.
If any portion of the judgment of the justice was a proper subject of review, it was well that the whole judgment should be so reviewed, and the case in all its parts be retried in the county court. But there was an evident design and purpose on the part of the defendants to perfect their appeal from so much iof the judgment as was against them and prevent the plaintiff -from appealing from the part against him. The service upon 'Havana was nevertheless good and sufficient.’ He was evidently itrying to avoid service upon him and so was Wolcott. Under the .fasts as presented by the appeal papers, we think the learned county judge correctly decided that the plaintiff had in good faith • served his notice of appeal in due time on the justice, and hence in the discretion of the county court the order appealed from might justly be granted. We cannot dsiturb the order so far as it rests upon discretion, 36 Hun, 20, and we are not disposed to .do so in so far as the order is dependent upon the decision upon the facts. It is better if an appeal is to be had at all, that the whole merits be retried in the county court and that the rights ,of all the parties be there adjudged and determined.
The order of the county court must be affirmed with $10 costs and printing disbursements against David C. Wolcott, appellant.
Habdin and Follett J. J., concur.